# EXHIBIT 21

W|W|R|P

Williams Williams Rattner & Plunkett, P.C.
Attorneys and Counselors

380 North Old Woodward Avenue
Suite 300
Birmingham, Michigan 48009
Tel: (248) 642-0333
Fax: (248) 642-0856
www.wwrplaw.com

**Richard E. Rassel, III**
**rer@wwrplaw.com**

June 2, 2026

***Via Email and FedEx overnight***

City of Wixom
Attention City Clerk
49045 Pontiac Trail
Wixom, MI 48393
copalko@wixomgov.org
cevans@wixomgov.org

RE: 30625 S. Wixom Road in the City of Wixom

City of Wixom Clerk and Members of the City of Wixom City Council:

As noted in our correspondence dated February 13, 2026, we represent Wixom Industrial One, LLC and its partners at Sansone Group (collectively "WIO"). WIO intends to develop certain real property that is located at 30625 S. Wixom Road, Tax ID 22-06-200-049 (formerly 30625 and part of 30765 S. Wixom Road) in the City of Wixom (the "Property"). The proposed development includes construction of a building that will house a data center (the "Project").

This correspondence is being submitted contemporaneously with WIO's application for site plan approval 'by right' for the Project, which has been prepared in strict accordance with Chapter 18.17 of the City's Zoning Ordinance. The Property is zoned M-1, and the Project's proposed data center constitutes a permitted use by right within the M-1 Zoning District. Specifically, Chapter 18.09 Industrial Districts, provides that land and/or buildings may be used in the M-1 Zoning District for "[d]esign and development of computer hardware and software, data communications, information technology, data processing and other computer-related services" "***by right***". (emphasis added). No Project variances are necessary, and the Project satisfies all applicable zoning and site plan submission requirements and standards.

On March 24, 2026, the Wixom City Council adopted a Resolution Imposing a Temporary Moratorium for a period of six (6) months on the establishment and use of data centers in the City (the "Moratorium").[1] Section 3 of the Moratorium allows applicants to apply for a "waiver" of the blanket, albeit temporary, prohibition on the establishment and use of data centers in the City.

---

[1] Additionally, the City is contemporaneously considering proposed amendments to its Zoning Ordinance that *may* define 'data center' and *may* designate such use at some point in the future as a discretion based special land use, including *potentially* within the M-1 Zoning District. We note that a speculative Zoning Ordinance amendment does not impact on the Project's current application status for site plan approval because the proposed use is currently permitted by right under the existing Zoning Ordinance.

**Please accept this letter as a request that the City Council grant such a waiver of the Moratorium to WIO relative to the Project and in connection with WIO's contemporaneous application for site plan approval 'by right' for the Project.**

A waiver of the Moratorium in this instance would not in any way adversely impact the health, safety and welfare of the City, or otherwise frustrate a legitimate state interest. To the contrary, the Project represents an important opportunity for the City to realize, among other public benefits: (i) a significant property tax base increase (both ad valorem and personal property); (ii) high tech skilled employment growth; (iii) an economic growth engine for surrounding area business and commerce; and (iv) the development of a critical present and future public infrastructure component in a modern society. These benefits would be realized in an industrial area of the City already zoned (M-1) for just this type of land use and economic growth opportunity. Further, as noted in the accompanying site plan application materials, the Project is appropriately located away from residential zoning districts and is moderate in mass and scale and has been appropriately designed. The City has already thoughtfully put adequate performance standards for data centers in the Zoning Ordinance and has already mitigated valid development concerns though the existing performance standards in the M-1 zoning district, such as setbacks and landscaping. The Project is reasonable and consistent with the Zoning Ordinance and the health, safety and welfare of the community. **Accordingly, WIO respectfully requests that the City Council grant a Section 3 waiver of the Moratorium so that the Project may proceed through the site plan approval process in the ordinary course and without undue delay.**

Without the requested Moratorium waiver being granted by the City Council (together, speculatively, with a contemplated data center zoning ordinance amendment) the result would be that the City would effectively exclude *all* data center uses throughout the City, in violation of Michigan law. MCL § 125.3207 of the Michigan Zoning Enabling Act ("MZEA") prohibits a municipality from adopting zoning ordinances or enacting zoning decisions that 'totally prohibit' a given land use if a 'demonstrated need' exists for that use, unless there is no location where the use may be 'appropriately located' or the use is 'unlawful.' Further, Michigan law is clear that total prohibition occurs if the lawful land use is provided *only* by discretionary special use approval or zoning variance, and not 'by right'. Data center uses not only serve a demonstrated public need and constitute an important part of public infrastructure and economic development (see above), but they are also expressly authorized under the City's present Zoning Ordinance as a lawful land use permitted by right. Absent the Moratorium, the City seems to presently adhere to MCL § 125.3207, necessitating the instant request by WIO that a waiver of the Moratorium be granted so that the Project may proceed through the site plan approval process. Without the waiver, the City is in jeopardy of being found in violation of MCL § 125.3207, its progeny and Michigan's longstanding public policy prohibition against discriminatory and exclusionary zoning ordinances, enactments and decisions.

The City's Moratorium on data center projects may also violate Michigan law because it was enacted by a resolution instead of legislation in compliance with the MZEA. The Moratorium functions as a de facto amendment of the City's Zoning Ordinance because it alters the existing zoning framework which otherwise requires approvals for data center projects upon satisfaction of objective applicable site plan requirements. In effect, the Moratorium amends Chapter 18.09 and 18.17 of the City's Zoning Ordinance, which presently allows WIO to proceed by right with site plan review for its proposed data center use in the M-1 Zoning District. See *Tuscola Wind III, LLC v. Ellington Twp.*, No. 17-cv-11025, 2018 U.S. Dist. LEXIS 40735 (E.D. Mich. Mar. 13, 2018) (numerous states have concluded that a temporary moratorium on the operation of a zoning ordinance constitutes a zoning regulation. *Id. at *19*) (because the moratorium is void, the municipality cannot use the moratorium as a reason to refuse to consider the SLUP application; in other words, the operative law is the existing zoning ordinance, and the property owner was entitled to the procedures and consideration guaranteed by the current ordinance. *Id. at *31-32*). WIO respectfully contends that the Moratorium constitutes an amendment to the Zoning Ordinance, which under Michigan law can be adopted only through legislation and not merely by resolution. MCL § 125.3202.[2]

Thank you for your prompt consideration of the issues in this correspondence.

Very truly yours,

WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.

*Richard E. Rassel*

Richard E. Rassel

RER/jlw

cc: Clients
City Attorney

[2] WIO submits its Section 3 Moratorium waiver request above without prejudice to or waiver of its positions in this paragraph.